IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERENCE ALEX STEWART, #1552180, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:09-CV-516-O |
| | § | |
| LUPE VALDES, et al., | § | |
| Defendants.[1] | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights action brought by a *pro se*, state inmate pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff is presently incarcerated at the Hutchins State Jail in Dallas, Texas. The events at issue in this case occurred while he was incarcerated at the Dallas County Jail. Defendants are Dallas County Sheriff Lupe Valdez and Deputy Officer Sharp.

The court did not issue process in this case, pending preliminary screening. On March 24, 2009, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on April 13, 2009.

Statement of Case:  The complaint, as supplemented by the answers to the questionnaire, alleges Defendant Sharp denied Plaintiff the opportunity to attend group religious services on

---

[1]   Plaintiff's pleadings misspell Defendant Lupe Valdez's last name.

February 8, 2009, in violation of the First Amendment.  On that date, when the Control Center announced "Church/Religious Services," Plaintiff got up from his bed and proceeded to his cell door.  (Answer to Question 9).  Upon exiting his cell, Plaintiff complied with Officer Sharp's order to remove all his clothing except for his boxer shorts, although lady officers were present. (*Id.*).  After putting his clothing back on, Plaintiff remarked to Officer Sharp:  "If I knew I was going to run into the Devil, I would have stayed asleep."  (*Id.*).  Officer Sharp accused Plaintiff of calling him a devil and ordered Plaintiff to return to his cell, denying him access to religious services that day.  (*Id.*).  Plaintiff seeks $200,000 in monetary damages for the one-time denial of group religious services.

Findings and Conclusions:  The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

Under the Constitution, "'reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments.'" *Pedraza*

*v. Meyer*, 919 F.2d 317, 320 (5th Cir. 1990) (quoting *Cruz v. Beto*, 405 U.S. 319, 322 n. 2, 92 S. Ct. 1079, 1081 n. 2(1972)).  Nevertheless, restrictions on an inmate's religious practices are permitted when they are reasonably related to legitimate penological interests.  *O'Lone v. Estate v. Shabazz*, 482 U.S. 342, 349, 107 S. Ct. 2400, 2404-05 (1987); *Turner v. Safley*, 482 U.S. 78, 89-90, 107 S. Ct. 2254, 2262 (1987).

Clearly, under the facts of this case, Officer Sharp did not violate Plaintiff's First Amendment rights.  The single occurrence on which Stewart was denied access to services was the result of his act of insubordination which he admits in both the complaint and answers to the questionnaire.  Accordingly, Plaintiff's First Amendment claim lacks an arguable basis in law and should be dismissed as frivolous.

In addition to Officer Sharp, Plaintiff sues Sheriff Valdez.  He does not allege facts that indicate personal involvement or acquiesce in the alleged constitutional deprivation on the part of Sheriff Valdez.  He merely alleges that Valdez is responsible by virtue of her status as the Sheriff of Dallas County.  (Answer to Question 6).  It is well settled, however, that an individual cannot be held liable in a § 1983 action unless he/she was personally involved or participated in alleged unconstitutional actions.  *See Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005); *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Moreover, a supervisor cannot be held liable in a § 1983 action pursuant to a theory of respondeat superior.  *See Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam).  *See also Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) (supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in

plaintiff's injury). Therefore, any claim against Sheriff Valdez lacks an arguable basis in law and should be dismissed as frivolous.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2), and that his motion to appoint counsel (Doc. #6) be DENIED.

A copy of this recommendation will be transmitted to Plaintiff.

Signed this 25th day of June, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.